JERRY C. JACOBS AND ISABEL F. JACOBS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 10526-85.
United States Tax Court
T.C. Memo 1986-343; 1986 Tax Ct. Memo LEXIS 267; 52 T.C.M. (CCH) 25; T.C.M. (RIA) 86343; August 4, 1986. *267 Held: Deductions related to the alleged purchase of cattle from Southern Star Land & Cattle Company, Inc. not allowed on the basis of Hunter v. Commissioner,T.C. Memo. 1982-126; Siegel v. Commissioner,T.C. Memo. 1985-441; and Jacobs v. Commissioner,T.C. Memo. 1985-609. Jerry C. Jacobs and Isabel F. Jacobs, pro se. Avery Cousins, III, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: On June 11, 1986, this Court issued an Order to petitioners to show cause on or before June 30, 1986, "why the issues in the petition in this case that pertain to petitioners' alleged purchase of a herd of cattle from Southern Star Land & Cattle Company, Inc. should not be disposed on the basis of ." No response has been received by this Court to this Order. In addition, on April 14, 1986, respondent filed a request for admissions that "[t]here are no material facts present in the above-entitled case which are different from those present in Jacobs v. Commissioner, TCM 1985-609 * * *." Similarly, there has been no response to this request *268 for admissions by respondent. Under Rule 90 [1] a request for admission may be filed "provided such matters are set forth in the request and relate to * * * the application of law to fact * * *." Rule 90(a). The effect of failure to respond is that the matter contained in the request for admission is deemed admitted. Rule 90(c). Thus, by failing to respond to the request for admissions, petitioners are deemed to have admitted there are no material facts in this case which differ from those considered in In addition, by failing to respond to this Court's Order of June 11, 1986, under Rule 123 the petition may be dismissed and a decision entered against petitioners. The petition in this case alleges that petitioners purchased five exotic bred female cattle from Southern Star Land & Cattle Company, Inc. (Southern Star) pursuant to a sale agreement dated May 5, 1973. Both the petition and the statutory notice, which is attached to the petition, reflect that the deficiency for the taxable year 1981 which is in issue here is based in part upon the *269 disallowance of management fees paid to Southern Star and interest on a promissory note given to that company. These are the same taxpayers who were before this Court in , with respect to the identical issue, the deductions (and investment credit) claimed for the years 1973 through 1978 in connection with said investment in cattle. The same issue has been before this Court in a number of other cases including and . In each case, including , we held that petitioners were not purchasing cattle or securing maintenance of such animals but were simply purchasing a package of tax benefits. No sale of cattle was made to petitioners in 1973 [2] and they are not, therefore, entitled to deductions for the year 1981 for payments allegedly made for management and interest. Since petitioners have conceded that there are no material facts present in this case which differ from those which were considered by this Court in , no *270 useful purpose would be served by holding a hearing on this issue. The petition in this case raises another issue -- the deductibility of expenses incurred by Mrs. Jacobs for travel allegedly related to her employment. This case, therefore, should be set for trial on this issue unless the parties can dispose of the question by settlement. An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Collateral estoppel would probably prevent petitioners from relitigating this issue but respondent has not pled or argued that question.↩